# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0150, <u>In the Matter of William Cloutier and Ashley Nachampassak</u>, the court on May 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The mother, Ashley Nachampassak, appeals orders of the Circuit Court (<u>Hall</u>, J.), following a final hearing on the parenting petition filed by the father, William Cloutier, arguing that the trial court erred in: (1) awarding "retroactive" child support; (2) unreasonably restricting her parenting time; and (3) prohibiting contact between her boyfriend and the children.  We affirm.

The mother first argues that the trial court erred in awarding "retroactive" child support starting from the date she was served with the parenting petition because, she alleges, the petition "lacked specificity."  The father counters that the mother failed to preserve this issue for appellate review because she did not raise it in the trial court.  It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the burden of the appellant, here the mother, to demonstrate that she raised her issues in the trial court.  <u>Id</u>.  Based upon our review of the record, we conclude that the mother has failed to demonstrate that she raised this issue in the trial court.  Accordingly, we decline to review it.  <u>See id</u>. at 250-51.

The mother next argues that the trial court's parenting plan unreasonably restricts her parenting time, contrary to the principles set forth in RSA 461-A:2 (2018), and that it is not in the children's best interests, contrary to the principles set forth in RSA 461-A:6 (Supp. 2023).  At the outset, we note that the mother has failed to provide this court with the trial court's decree, parenting plan, or uniform support order.  <u>See Sup. Ct. R.</u> 13(2) ("The moving party shall be responsible for ensuring that all or such portions of the record relevant and necessary for the court to decide the questions of law presented by the case are in fact provided to the supreme court.").  We will assume, however, for purposes of this argument, that under the court's parenting plan, the children spend 18 hours per week with the mother, and no overnight stays, as she states in her brief.

The trial court has wide discretion in matters involving parenting rights and responsibilities, and our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion.  <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011).  If the court's

findings can reasonably be made on the evidence presented, they will stand. In the Matter of Peirano & Larsen, 155 N.H. 738, 749 (2007). RSA 461-A:2 provides that, "[b]ecause children do best when both parents have a stable and meaningful involvement in their lives, it is the policy of this state, unless it is clearly shown that in a particular case it is detrimental to a child, to . . . [s]upport frequent and continuing contact between each child and both parents." RSA 461-A:6, in turn, provides that, "[i]n determining parental rights and responsibilities, the court shall be guided by the best interests of the child." RSA 461-A:6 identifies the factors relevant to the best interest analysis, including "[t]he ability and disposition of each parent to foster a positive relationship and frequent and continuing . . . contact with the other parent," and "[t]he support of each parent for the child's contact with the other parent." RSA 461-A:6, I(e), (f).

In this case, the trial court found that the mother "has no ability to foster a positive relationship with [the father] or to support the children's relationship with their father." The court also found that the mother's "hostile attitude and refusal to meaningful[ly] co-parent or communicate with [the father] is directly contrary to the children's best interests." The court found that "[s]ince August of 2021, [the mother] has seen the children on average of one time per week." We conclude that the court's findings can reasonably be made on the evidence presented. See Peirano, 155 N.H. at 749. Based upon this record, we cannot conclude that trial court's parenting plan constitutes an unsustainable exercise of discretion. See Miller, 161 N.H. at 640.

The mother next argues that the trial court unsustainably exercised its discretion in prohibiting contact between her boyfriend and the children. In prior orders, the court found that the boyfriend has a history of causing domestic disturbances, and that he was belligerent and confrontational with the father at an exchange of the children. At the final parenting hearing, the court found the boyfriend's testimony to be "very troubling," and his demeanor to be "explosive and angry." The mother argues that the boyfriend is not a physical threat to the children. The trial court acknowledged that the boyfriend "may not be a physical threat to [the children]," but found that "his anger and animosity towards [their father] are emotionally harmful and damaging to the children." Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in prohibiting contact between the mother's boyfriend and the children. See Miller, 161 N.H. at 640.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2